The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This official Attorney General opinion is rendered in response to your recent question regarding the payment by a Housing Authority of overtime compensation as opposed to granting compensatory time off for hours worked overtime.
You indicate that the Scott County/Waldron Housing Authority has customarily granted its employees compensatory time off as compensation for hours worked overtime. It has recently informed its employees that compensatory time has been determined to be illegal, and that it will no longer be allowed. Rather, employees who work overtime must be paid overtime wages.
In light of this situation, you have presented the following question:
 Is compensatory time illegal, and must the Scott County/Waldron Housing Authority now pay overtime as compensation for hours worked overtime, under all circumstances?
It is my opinion that compensatory time (up to 240 hours)[1] is not illegal for certain government employees, and that the Scott County/Waldron Housing Authority may grant compensatory time (within certain limits) in lieu of overtime pay.
Federal law specifically authorizes the employees of state agencies, the employees of agencies of political subdivisions of states, and the employees of interstate governmental agencies to earn compensatory time (up to 240 hours),[2] to be granted in lieu of overtime pay.[3] More specifically, 29 U.S.C. § 207 states in pertinent part:
 (o) Compensatory time. (1) Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.
 (2) A public agency may provide compensatory time under paragraph (1) only
(A) pursuant to
 (i) applicable provisions of a collective bargaining agreement, memorandum of understanding, or any other agreement between the public agency and representatives of such employees; or
 (ii) in the case of employees not covered by subclause (i), an agreement or understanding arrived at between the employer and employee before the performance of the work; and
 (B) if the employee has not accrued compensatory time in excess of the limit applicable to the employee prescribed by paragraph (3).
 In the case of employees described in clause (A)(ii) hired prior to April 15, 1986, the regular practice in effect on April 15, 1986, with respect to compensatory time off for such employees in lieu of the receipt of overtime compensation, shall constitute an agreement or understanding under such clause (A)(ii). Except as provided in the previous sentence, the provision of compensatory time off to such employees for hours worked after April 14, 1986, shall be in accordance with this subsection.
 (3) (A) If the work of an employee for which compensatory time may be provided included work in a public safety activity, an emergency response activity, or a seasonal activity, the employee engaged in such work may accrue not more than 480 hours of compensatory time for hours worked after April 15, 1986. If such work was any other work, the employee engaged in such work may accrue not more than 240 hours of compensatory time for hours worked after April 15, 1986. Any such employee who, after April 15, 1986, has accrued 480 or 240 hours, as the case may be, of compensatory time off shall, for additional overtime hours of work, be paid overtime compensation.
29 U.S.C. § 207(o)(1)-(3). See also 29 C.F.R. § 553.20 et seq.
Because the Scott County/Waldron Housing Authority is an agency of a political subdivision of the state, see A.C.A. § 14-169-207, its employees are governed by the provisions of 29 U.S.C. § 207(o), quoted above. Seealso 29 U.S.C. § 203(e)(2)(C). The Housing Authority may therefore compensate their overtime work through the grant of compensatory time off in lieu of overtime pay, within the strictures of 29 U.S.C. § 207.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] The limit is 480 hours for work in a public safety activity, an emergency response activity, or a seasonal activity.
[2] See Footnote 1.
[3] It should be noted that this provision of federal law does not apply to non-exempt employees of private employers. A bill is currently pending in the U.S. Congress which, if passed, would afford such private employees the option of accruing compensatory time in lieu of overtime pay.